UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00745 ERW |
| ) | |
| PATRICIA YORK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Reconsider Court's March 21, 2005 Order Dismissing Defendant York and dismissing Defendant Police Officers in their Official Capacities [doc. #38] and Plaintiff's Motion to Join Parties and Amend Pro Se Complaint [doc. #40].

**I.  BACKGROUND**

On June 16, 2004, Plaintiff Tommy Reed filed a *pro se* Complaint against four St. Charles police officers ("Officer Defendants") as well as the Mayor of the City of St. Charles, Patricia York ("York"). On March 21, 2005, this Court issued an Order that found, *inter alia*, Defendants were state officials, and thus, were not amenable to suit under 42 U.S.C. § 1983. Based on that holding, this Court dismissed Plaintiff's claims against Defendant York and dismissed Plaintiff's claims against the Defendant Officers in their official capacities.

**II.  STANDARD OF REVIEW**

A. Motions to Reconsider

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure ("FRCP"). Typically, courts construe a motion to reconsider as a motion to alter or

amend judgment under FRCP 59(e) or as a motion for relief from a final judgment, order, or proceeding under FRCP 60(b). However, because FRCP 59(e) and 60(b) only apply if an order or judgment is final, FRCP 59(e) and FRCP 60(b) cannot be relied on when reconsidering an interlocutory court order. Under FRCP 54(b), if a court fails to adjudicate all the claims against all the parties, the order is not a final judgment. *See Miller v. Hedrick*, 140 Fed. Appx. 640, 641 (8th Cir. 2005); *SLA Prop. Mgmt. v. Angelina Cas. Co.*, 856 F.2d 69 (8th Cir. 1988). However, the Rule explicitly provides that "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." Fed. R. Civ. Pro. 54(b). In *Interstate Power Company v. Kansas City Power & Light Company*, the Eighth Circuit determined that it did not have jurisdiction over an appeal of an order that was not final. 992 F.2d 804, 806 (8th Cir. 1993). The court instructed that instead of certifying its order as a final order, the district court should have granted the Defendant's motion to reconsider the motion on its merits because the last clause of FRCP 54(b) provides that "a non-final order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.* at 807 (internal quotations omitted).

B. Motions to Join Parties and Amend Pleadings

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to file an amended pleading "shall be freely given when justice so requires." Likewise, the federal joinder rules are quite liberal. Under FRCP 20,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

**DISCUSSION**

Plaintiff requests that the Court reconsider its March 21, 2005 Order arguing that the Court erred in its determination that Defendants were state actors. Because the Order did not adjudicate all the claims against all the parties, it was not a final order pursuant to FRCP 54(b). Thus, it may be revisited at any time by the trial court pursuant to its inherent authority to reconsider interlocutory orders prior to final adjudication of all claims against all parties. This Court holds that it is necessary to reconsider its March 21, 2005 Order [doc. # 24].

Plaintiff requests that the Court grant him leave to Amend his first complaint in order to join the City of St. Charles Police Department, City of St. Charles, Chief of Police Timothy Swope, and Commander of Field Operations Pat McCarrick. The Court notes Plaintiff's request was made prior the Case Management Order deadline for amendment of pleadings and joinder of parties. Defendants argue that granting the Motion to Amend would (1) circumvent the Court's March 21, 2005 Order; (2) be improper because the different Counts in Plaintiff's complaint are not based on the same transaction or occurrence; and (3) delay the progress of the case. The Court disagrees. First, as discussed above, the Court will reconsider its prior Order, and thus, the Amended Complaint will not result in a circumvention of that Order. Second, the Court finds that the Count against the parties to be joined is based on the same underlying factual occurrence - the alleged beating of Mr. Reed following his arrest. Finally, the Court finds that Plaintiff's motion is not for purposes of delay. It is clear that the intent of Plaintiff was to make his Complaint a more descriptive, clear statement of his allegations and request for relief. For the foregoing reasons, Plaintiff will be granted leave to amend his complaint and join parties.

In the Court's prior Order, the Court erred in finding that Defendants were state officials not amenable to suit under 42 U.S.C. § 1983. Upon reconsideration of its prior Order, it is clear that Defendants are city officials and are considered as "people" under 42 U.S.C. § 1983. *See*

*Monell v. Dep't. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). For this reason, the Court's Order was in error. Furthermore, this Court finds that Plaintiff's Amended Complaint has cured all other facial defects in the pleading, and thus, Defendants' Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's March 21, 2005 Order [doc. # 24] is **VACATED**. This Court clearly erred in its finding that Defendants are state officials for purposes of 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Join Parties and Amend Pro Se Complaint [doc. #40] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [doc #13] is **DENIED**.

So Ordered this 28th day of September 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE